## DEAN S. RUNDLETT v. MIDLAND NATIONAL BANK & TRUST COMPANY.[1]

### October 8, 1926.

### No. 25,486.

**Payment of cashier's check to trustee in bankruptcy did not make issuing bank participant in trustee's breach of trust.**

1. The defendant bank issued a cashier's check payable to a trustee in bankruptcy. It was delivered to the trustee by the purchaser of certain assets of the bankrupt estate. The bank paid it to the trustee upon his indorsement as trustee and individually. Such payment did not charge it with participation in the trustee's breach of trust in misappropriating the proceeds of the check.

**Denial of misappropriation by trustee was a defense.**

2. The defendant denied the misappropriation. This was a defense.

Bankruptcy, 7 C. J. p. 246 n. 87 New; p. 268 n. 49 New.

Plaintiff appealed from an order of the district court for Hennepin county, Salmon, J., overruling his demurrer to the third and fourth paragraphs of the answer in an action upon a cashier's check. Affirmed.

*L. K. Eaton,* for appellant.
*Ueland & Ueland,* for respondent.

DIBELL, J.

The demurrer of the plaintiff to paragraphs 3 and 4 of the answer was overruled and it appeals.

The complaint alleges that the plaintiff is trustee in bankruptcy of the Lignite Coal & By-Products Company; that Raymond L. Henderson was its former trustee; that he sold certain of its assets and the purchaser gave him in part payment a cashier's check for $3,000, issued by the defendant, payable to the order of "R. L. Henderson, Trustee in Bankruptcy;" that the defendant knew that the check was purchased for delivery to Henderson as trustee in bank-

[1]Reported in 210 N. W. 630.

ruptcy of the Lignite company in payment of assets of the company; that Henderson indorsed it in his name as trustee in bankruptcy and individually; that the defendant paid it to him wrongfully and unlawfully, contrary to the bankruptcy act, and the general orders in bankruptcy; and that he converted the proceeds to his own use in breach of his trust.

The answer admitted that the defendant issued the check, that it was indorsed as alleged, and that it paid it, and made certain specific denials and a general denial.

1. The plaintiff's claim is that this participation in Henderson's breach of his trust necessarily resulted from the payment of the check because of the provisions of §§ 47 and 61 of the bankrupt act, U. S. Comp. St. 1916, §§ 9631, 9645, and number 29 of the general orders in bankruptcy, relating to the designation of depository banks by courts of bankruptcy and the deposit of money therein and the withdrawal therefrom. Paragraph 3 of the answer, assailed by the demurrer, denied that the defendant paid the check wrongfully or negligently or contrary to the bankrupt act or the general orders in bankruptcy; and denied that it knew that the check was purchased for delivery to the trustee in bankruptcy of the Lignite company.

This part of the answer is proper by way of defense. The bank was not the trustee's depository. The bankrupt act and the general orders in bankruptcy refer to deposits in a depository bank and checks thereon. Unless the payment of the cashier's check necessarily was a participation in Henderson's subsequent breach of trust in the misappropriation of its proceeds there was no participation. The answer in its admission and averments does not show that it was. We do not discuss the cases cited nor anticipate the law which may be applicable when the facts are shown at the trial.

2. The fourth paragraph denies on information and belief that Henderson misappropriated the proceeds of the check. This is a defense. Misappropriation is an essential of the plaintiff's cause of action. If it were not alleged the complaint would be demurrable.

Order affirmed.

HOLT, J., took no part.